FILED
CLERK

4:02 pm, Apr 09, 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MARISA ANN TOTO,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           15-CV-0522 (JS)

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Charles E. Binder, Esq.
                    Law Offices -- Harry J. Binder and
                      Charles E. Binder, P.C.
                    485 Madison Avenue, Suite 501
                    New York, New York 10022

For Defendant:      Arthur Swerdloff, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    271 Cadman Plaza East
                    Brooklyn, New York 11201
```

SEYBERT, District Judge:

Charles E. Binder ("Attorney Binder"), counsel to plaintiff Marisa Ann Toto ("Plaintiff"), moves pursuant to 42 U.S.C. § 406(b) ("Section 406(b)") for an award of attorney's fees in the amount of $29,988.90, less a setoff of $5,800.00 for the amount previously received under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Motion, ECF No. 27; Support Memo, ECF No. 27-4; Binder Aff., ECF No. 27-2.)  The Commissioner responds that the resulting de facto hourly rate, i.e., $980.03, has been considered by some courts within the Second Circuit to be

a windfall, thereby warranting a reduction in the award sought. (See Response, ECF No. 28.) For the reasons set forth below, the Motion is GRANTED in the amount of $21,420.00.

PROCEDURAL HISTORY AND BACKGROUND

On February 3, 2015, Plaintiff commenced this action seeking reversal of the Social Security Administration ("SSA") decision denying Plaintiff's disability insurance benefits application. (See Compl., ECF No. 1.) On August 16, 2016, the undersigned granted Plaintiff's Motion for Judgment on the Pleadings (see ECF No. 14), denied the Commissioner's Cross-Motion for Judgment on the Pleadings (see ECF No. 19), and remanded this matter for further administrative proceedings. (See Memorandum & Order, ECF No. 23.) On November 8, 2016, the undersigned So-Ordered the parties' stipulation awarding Plaintiff $5,800.00 in fees under EAJA and $400 in costs. (See Stipulation & Order, ECF No. 26.)

On remand, Plaintiff was awarded disability insurance benefits. (See Binder Aff. ¶¶ 13-14.) By Notice of Award dated April 18, 2020, the SSA informed Plaintiff that it withheld $29,988.90 in attorney fees, representing 25 percent of Plaintiff's past-due benefits. (Notice of Award, Ex. C (ECF No. 27-3) at 2, attached to Binder Aff.)

In connection with this action, Plaintiff signed a retainer agreement with the Law Offices -- Harry J. Binder and

2

Charles E. Binder, P.C. (the "Retainer Agreement"). (See Retainer Agreement, Ex. A (ECF No. 27-3), attached to Binder Aff.) Under the Retainer Agreement, Plaintiff agreed, among other things, that:

> [i]f the appeal is successful and I am awarded past due benefits by the district court, the law firm is to receive twenty-five percent (25%) of the past due benefits due me and my family pursuant to 42 U.S.C. § 406 of the Social Security Act. Fees must be approved by the district court.

(Id., Part I.)

Attorney Binder now seeks approval of $29,988.90 in attorney fees, less the $5,800.00 EAJA setoff, as compensation for 30.6 hours of work performed at the district court level by his law firm. (See Binder Aff. ¶¶ 9, 11.) More particularly, Attorney Binder's colleague, Daniel S. Jones ("Attorney Jones"),[1] spent 27.9 hour, the vast bulk of claimed time, on the following tasks: (1) reviewing various files and the administrative record; (2)

---

[1] Attorney Binder does not indicate whether Attorney Jones is an associate or partner of the law firm or how long he has been practicing law. (See Binder Aff. ¶10.) Indeed, as a general observation, Attorney Binder's Affirmation is vague in its details. Cf. Clayton v. Comm'r of Soc. Sec., No. 17-CV-4073, Bowes Decl. (ECF No. 24), ¶¶ 30, 32 (E.D.N.Y. July 6, 2020)(providing counsel's: date of graduation from law school; number of years of experience litigating Social Security cases at the administrative level and in federal court; number of claimants represented with respect to disability and non-disability determinations; number of claimants represented at administrative hearings before the SSA; and, hourly billing rate where representation proceeds on a non-contingent fee basis).

3

drafting the facts and procedural history; (3) outlining and drafting legal arguments; (4) revising the draft brief for filing; (5) reviewing the Commissioner's brief and preparing a reply brief; and (6) calculating EAJA fees.  (See Hours Itemization, Ex. B (ECF No. 27-3, attached to Binder Aff.)  The Hours Itemization does not indicate an hourly rate for Attorney Jones; nor is there any indication in the record of Attorney Jones' hourly rate charged in non-contingency cases.  Rather, as to Attorney Jones, Attorney Binder states, inter alia: "Prior to becoming a member of the bar, Mr. Jones spent 8 years working as a non-attorney representative of claimants at all levels of the administrative process before the Social Security Administration"; Attorney Jones "was admitted to the New York and New Jersey Bars upon graduation" but fails to state what year that graduation occurred or what year(s) Attorney Jones was admitted to those state bars; and, Attorney Jones "currently practices almost exclusively in the area of federal court appeals of Social Security disability claims and has handled over a thousand appeals across the country," but does not indicate if those appeals were undertaken as an attorney or as a non-attorney representative.  (See Binder Aff. ¶ 10.)  As to the 2.7 hours Attorney Binder worked on this case, it was spent: (1) reviewing the file; (2) dictating a letter to Plaintiff; (3) dictating the Complaint; (4) reviewing and editing Plaintiff's opening brief; and (5) reviewing Plaintiff's reply brief.  (See

4

Hours Itemization, Ex. B.)  He avers that his "background in this field includes a number of years working almost exclusively on Social Security disability cases both at the administrative and federal court level" and that he has "handled thousands of administrative hearings and federal appeals." (See Binder Aff. ¶12.)  He does not indicate an hourly rate he charges for non-contingency cases.

Attorney Binder asserts that his claim for $29,988.90 in attorney fees is appropriate since it represents 25 percent of the retroactive benefits awarded to Plaintiff, to which he is entitled under the Retainer Agreement, and that "all the windfall factors weigh against a finding that the requested fees here are excessive." (See Support Memo at 2-4.)  While "defer[ring] to the Court regarding [an] appropriate reduction," the Commissioner states that "[c]ourts in the Second Circuit have in some cases considered an hourly rate in this range[, i.e., the de facto hourly rate of $980.03,] to be a windfall" and, therefore, find awarding lower rates to be appropriate. (Response at 2 (omitting footnote collecting cases).)

## DISCUSSION

Under Section 406(b)(1)(A), a district court may award an attorney who successfully represents a claimant a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." Where, as here,

5

there is a contingency fee arrangement, "the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount unreasonable." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). In determining whether a fee is unreasonable, the Court should consider: "(1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case." Kazanjian v. Astrue, No. 09-CV-3678, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011) (citing Wells, 907 F.2d at 372).

The proposed fee of $29,988.90 is at the 25 percent statutory cap, and there are no allegations of fraud or overreaching with respect to the Retainer Agreement (see, e.g., Response at 2 ("The Commissioner finds no evidence of fraud or overreaching.")); nor does the Court find any. Thus, the only question is whether the proposed award of $29,988.90 for 30.6 hours of work would result in a windfall to Plaintiff's counsel. Courts have "identified several relevant considerations as to whether a requested award of attorney's fees would constitute a windfall:

> (1) whether the attorney's efforts were particularly successful for the plaintiff;
> (2) whether the effort expended by the

6

> attorney is demonstrated through non-boilerplate pleadings and arguments that involved both real issues of material fact and required legal research; and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Morris v. Saul, No. 17-CV-0259, 2019 WL 2619334, at *2 (E.D.N.Y. June 26, 2019). Further, "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." Benton v. Comm'r of Soc. Sec., No. 03-CV-3154, 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007)(quoted by the Morris court).

As noted, $29,988.90 for 30.6 hours of work results in a de facto hourly rate of $980.03 per hour. While Plaintiff's counsel is correct that courts have approved fee awards in the social security context that exceed the de facto hourly rate in this case (see Support Memo at 2-3), "this Court must exercise its own discretion to determine 'whether the requested amount is so large as to be a windfall to the attorney.'" Morris, 2019 WL 2619334, at *3, n.4 (quoting Wells, 907 F.2d at 372).[2]

Having considered the windfall factors, the Court finds that, in this instance, the request for $29,988.90 would constitute

---

[2] In Morris, the court noted that the subject de facto hourly rate of $923.07 "greatly exceed[ed] [Plaintiff's counsel's] standard rate" of $450.00 per hour. Morris, 2019 WL 2619334, at *3.

7

an unreasonable amount of fees to Plaintiff's counsel. See id. ("[C]ourts in this Circuit have repeatedly found that de facto rates above $500 per hour in social security cases are unreasonable.") (collecting cases). Instead, an award of $21,420 for 30.6 hours of work is reasonable; the awarded fee translates into an hourly rate of $700, compensating Attorney Binder above the market rate. See Savage v. Comm'r of Soc. Sec., No. 15-CV-5774, 2020 WL 3503218, at *2 (E.D.N.Y. June 29, 2020)(awarding fee at reduced amount where the requested fee amount produced a de facto hourly rate of $1,000; finding, inter alia, awarded "fee translates into an hourly rate of $700" which compensated counsel "above the market rate"). Indeed, this amount is adequate compensate, especially considering that it was Attorney Jones who performed the supermajority of work in this case; it further takes into account "the time [Attorneys Jones and Binder] spent on the case, the risks that [Attorney Binder's law firm] accepted in undertaking the representation of Plaintiff on a contingency basis, and the successful result . . . obtained for [the] client." Gonzalez v. Comm'r of Soc. Sec., No. 10-CV-2941, 2019 WL 1507843, at *2 (E.D.N.Y. Apr. 5, 2019); see also Warren v. Astrue, No. 06-CV-2933, 2011 WL 5402493, at *1 (E.D.N.Y. Nov. 7, 2011) ("[A]lthough $25,000 is a substantial sum for 38 hours of work [with a de facto hourly rate of $657.89], it does not constitute a windfall when balanced against the excellent result counsel

8

obtained and the risk of loss inherent in the retainer's contingency arrangement."). Further, an award of $21,420.00 "satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals." Gonzalez, 2019 WL 1507843, at *2.

Finally, "if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee." Morris, 2019 WL 2619334, at *2. Plaintiff's counsel recovered $5,800.00 in attorney fees under the EAJA and, as required, has agreed to remit that amount to Plaintiff from the payment awarded under Section 406(b).

## CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's counsel's motion for attorney fees under Section 406(b) is GRANTED to the extent that Attorney Binder is awarded $21,420.00.

IT IS FURTHER ORDERED that upon receipt of this award, Attorney Binder shall promptly refund Plaintiff $5,800.00, representing the EAJA fees already received by counsel.

The case remains CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated:   April  9th  , 2021  
         Central Islip, New York

9